UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHINO GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE EVANS,<br><br>    Defendant. | No. 2:18-cv-01760-TLN-GGH<br><br>ORDER |

*IN FORMA PAUPERIS*

Plaintiff filed this complaint pro se, ECF No.1, and seeks in forma pauperis ["IFP"] status to pursue it further. ECF No. 2. The court has examined the informa pauperis application and has determined that plaintiff lacks the resources to pay the fees and costs associated with proceeding with this action and will therefore grant the Motion.

*SCREENING*

Addressing IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in making this determination by drafting his complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the

1

reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in what way). Plaintiffs' claims must be set forth simply, concisely and directly. Federal Rule of Civil Procedure 8 establishes the pleading rules that will apply in plaintiff's case. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federalrules-civil-procedure.

Forms are also available to help a pro se plaintiff to organize his complaint in the proper way. Those forms are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). The court, however, need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and therefore a pro se complaint may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend to cure them unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

*THE COMPLAINT*

In order to maintain a suit in federal court, the plaintiff must allege a basis for federal jurisdiction insofar as a federal court may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 377 (1994). The basic federal jurisdiction statutes are 28 U.S.C. sections 1331 and 1332. Section 131 allows suits that involve a "federal question" to be brought to federal court. In order to constitute a federal question, the complaint must present a plausible assertion of a substantial federal right that plaintiff believes has been denied him. See Bell v. Hood, 327 U.S. 678, 682 (1945). Unless the complaint pleads a cause of action based on the denial of a federal right, whether statutory or constitutional, there is no federal question jurisdiction and plaintiff must bring his action in a state court. A simple reference to a federal law does not create subject matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5thCir. 1995). Title 28 U.S.C. section 1332 allows actions to be brought in federal courts based on diversity jurisdiction. In order to rely on this jurisdiction base plaintiff must be able to plead that he and defendant are located in different states, i.e., plaintiff is a citizen of California while defendant is a citizen of a different state. Here, plaintiff has alleged no basis for federal jurisdiction under either of these statutes and, unless he is able to do so through an amended complaint, his matter will have to be dismissed for lack of that jurisdiction.

Assuming that plaintiff is going to be able to plead a basis for federal jurisdiction, he must also comply with Rule 8 and provide a short and plain statement of his claim. In so doing he must state what the defendant has done to harm him, when the harm was done, and what relief he seeks from the defendant to compensate him for the damage he has suffered. Plaintiff appears to be claiming that defendant breached a contract that plaintiff had with him, but he does not say when it was breached, how it was breached, or what relief he is entitled to for the breach.

*CONCLUSION*

As stated above, Haines v. Kerner directs the courts to dismiss a pro se complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Plaintiff will therefore be granted an opportunity to file an amended

complaint that conforms to the information provided to him in this Order regarding what is required to state a claim in the federal court.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is GRANTED;

2. Plaintiff's complaint is DISMISSED with leave to amend in conformity with the information provided in this Order; and

3. Plaintiff shall file his amended complaint, titled "First Amended Complaint," within 45 days of the date of this Order.

Dated: July 3, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE